UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:03CR-67-H

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.

CRAIG DAVID BRANCH                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Government has moved to correct the sentence entered on February 16, 2006 pursuant to Fed. R. Crim. P. 35(a). The Government's motion is timely and the Court retains jurisdiction to consider the motion.[1]

In this case, Defendant Craig Branch ("Mr. Branch") pleaded guilty to a charge of knowingly possessing with intent to distribute 500 grams or more of a substance or mixture containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii). This offense carries a mandatory minimum of sixty (60) months of imprisonment.

The Court sentenced Mr. Branch to five years of supervised probation, finding that the "safety valve" provision of 18 U.S.C. § 3553(f)(1) applied to Mr. Branch despite the Government's assertion that Mr. Branch had two criminal history points.[2] The Court reasoned that Mr. Branch's prior offenses were relatively inconsequential and carried minor penalties.

---

[1] Rule 35(a) permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days after sentencing Fed. R. Crim. P. 35(a). Though twelve calendar days have elapsed between the original sentencing hearing and the present order, only seven days passed during that time for purposes of Rule 35(a). This is because Fed. R. Crim. P. 45 provides that if the period of time specified in a Federal Rule of Criminal Procedure is less than eleven days, intermediate Saturdays, Sundays, and legal holidays should be excluded. Fed. R. Crim. P. 45(a)(2). Here the period at issue is seven days; and therefore, taking weekends and holidays into account, the Court has the authority to correct its sentence until today, February 28, 2006.

[2] In order for the "safety valve" provision of 18 U.S.C. § 3553 to apply, the defendant must not have "more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553 (f)(1).

Therefore, the Court concluded that Mr. Branch's criminal history category over-represented his actual criminal history and his prior offenses were "similar" to the excluded offenses listed in § 4A1.2(c) of the U.S. Sentencing Guidelines.

The Court stands by its logic and its findings of fact. However, the Court notes that under Sixth Circuit precedent, the Court does not have the legal authority to invoke the "safety valve" provision of § 3553(f)(1) based on these factors alone. *See United States v. Penn*, 282 F.3d 879, 882 (6th Cir. 2002) (in addressing the application of 18 U.S.C. § 3553(f)(1), a court does not have the authority to alter a defendant's criminal history points based upon a conclusion that the criminal history score overstates the seriousness of his past criminal conduct)*; United States v. Cole*, 418 F.3d 592, 597 (6th Cir. 2005) (the similarity of offenses under § 4A1.2(c) depends upon the similarity of the "activity underlying the offense of prior conviction and those underlying the listed offense").

The Court believes that its sentence is reasonable and for all the reasons previously stated on the record is in the best interest of justice. In these particular circumstances, the "safety valve" provisions and the decisions of the Sixth Circuit appear to prevent these considerations. Accordingly, the Court has no authority to order a sentence below the statutory mandatory minimum.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record